**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Deborah Riley <br> Debtor(s) | CHAPTER 7 |
| MIDFIRST BANK <br> Movant <br> vs. | NO. 17-18014 ELF |
| Deborah Riley <br> Debtor(s) | |
| Christine C. Shubert Esq. <br> Trustee | 11 U.S.C. Section 362 |

## STIPULATION FOR RELIEF FROM THE AUTOMATIC STAY

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

The Automatic Stay of all proceedings, as provided under Section 362 of the Bankruptcy Reform Act of 1978 (The Code) 11 U.S.C. Section 362, is modified and annulled to allow MIDFIRST BANK and its successor in title to proceed with the ejectment action regarding the premises 6922 Theodore Street Philadelphia, PA 19142. Furthermore, further bankruptcy filings by either Debtor(s) and/or Occupants for a period of one hundred eighty (180) days hereof will not prevent Movant from proceeding with its ejectment action. The stay provided by Bankruptcy Rule 4001(a)(3) has been waived.

IT IS FURTHER STIPULATED AND VOLUNTARILY AGREED THAT:

1. The recitals are incorporated herein and made a part hereof;

2. Movant is the owner of the Property at 6922 Theodore Street Philadelphia, PA 19142 (the "Property");

3. Debtor agrees that she is not currently occupying the Property at this time;

4. Debtor relinquishes all rights in and to any and all personal property left at or on the Property.

5. Debtor agrees that Movant may dispose of any remaining Personal Property (to the extent that she has an interest in it) as Movant chooses;

6. Debtor agrees that Movant may file all pleadings necessary to effectuate an ejectment action and a lockout and will not be in violation of the automatic stay;

7. Debtor agrees that the Property is not a part of the Bankruptcy Estate, as established by the fact that the Property is not listed in the Debtor's schedules.

8. This Stipulation represents the totality of the agreement between the parties;

9. Any modifications, retractions or revisions must be in writing and signed by all parties;

10. The parties agree that a facsimile signature shall be considered an original signature.

Date:   January 24, 2018                By:   /s/Rebecca A. Solarz, Esquire
                                        Rebecca A. Solarz, Esquire
                                        Attorney for Debtor

Date:  January 24, 2018                  /s/ Timothy Zearfoss, Esquire
                                        Timothy Zearfoss Esq.
                                        Attorney for Debtor(s)

## O R D E R

The foregoing Stipulation is **APPROVED**.

**PROVIDED HOWEVER,** that the relief granted shall not apply to any persons who are not parties to the Stipulation.

Date:  1/29/18

_____
**ERIC L. FRANK**
**CHIEF U.S. BANKRUPTCY JUDGE**