United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                                    Case No. 17-18014-elf
Deborah Riley                                                                             Chapter 7
       Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2          User: Antoinett          Page 1 of 1          Date Rcvd: Jan 29, 2018
                              Form ID: pdf900         Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 31, 2018.
db              +Deborah Riley,   6017 Osage Ave.,   Philadelphia, PA 19143-1121

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                   TOTAL: 0

      ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                   TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 31, 2018                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 29, 2018 at the address(es) listed below:
      CHRISTINE C. SHUBERT    christine.shubert@comcast.net, J100@ecfcbis.com
      REBECCA ANN SOLARZ    on behalf of Creditor    MIDFIRST BANK bkgroup@kmllawgroup.com
      TIMOTHY  ZEARFOSS    on behalf of Debtor Deborah  Riley tzearfoss@aol.com
      United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
      TOTAL: 4

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Deborah Riley <br> <u>Debtor(s)</u> | CHAPTER 7 |
| MIDFIRST BANK <br> <u>Movant</u> <br> vs. | NO. 17-18014 ELF |
| Deborah Riley <br> <u>Debtor(s)</u> | |
| Christine C. Shubert Esq. <br> <u>Trustee</u> | 11 U.S.C. Section 362 |

**STIPULATION FOR RELIEF FROM THE AUTOMATIC STAY**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

The Automatic Stay of all proceedings, as provided under Section 362 of the Bankruptcy Reform Act of 1978 (The Code) 11 U.S.C. Section 362, is modified and annulled to allow MIDFIRST BANK and its successor in title to proceed with the ejectment action regarding the premises 6922 Theodore Street Philadelphia, PA 19142.  Furthermore, further bankruptcy filings by either Debtor(s) and/or Occupants for a period of one hundred eighty (180) days hereof will not prevent Movant from proceeding with its ejectment action.  The stay provided by Bankruptcy Rule 4001(a)(3) has been waived.

IT IS FURTHER STIPULATED AND VOLUNTARILY AGREED THAT:

1.  The recitals are incorporated herein and made a part hereof;

2.  Movant is the owner of the Property at 6922 Theodore Street Philadelphia, PA 19142 (the "Property");

3.  Debtor agrees that she is not currently occupying the Property at this time;

4.  Debtor relinquishes all rights in and to any and all personal property left at or on the Property.

5.  Debtor agrees that Movant may dispose of any remaining Personal Property (to the extent that she has an interest in it) as Movant chooses;

6.  Debtor agrees that Movant may file all pleadings necessary to effectuate an ejectment action and a lockout and will not be in violation of the automatic stay;

7. Debtor agrees that the Property is not a part of the Bankruptcy Estate, as established by the fact that the Property is not listed in the Debtor's schedules.

8. This Stipulation represents the totality of the agreement between the parties;

9. Any modifications, retractions or revisions must be in writing and signed by all parties;

10. The parties agree that a facsimile signature shall be considered an original signature.

Date:  January 24, 2018                By:  /s/Rebecca A. Solarz, Esquire
                                            Rebecca A. Solarz, Esquire
                                            Attorney for Debtor

Date: January 24, 2018                  /s/ Timothy Zearfoss, Esquire
                                        Timothy Zearfoss Esq.
                                        Attorney for Debtor(s)

# O R D E R

The foregoing Stipulation is **APPROVED**.

**PROVIDED HOWEVER,** that the relief granted shall not apply to any persons who are not parties to the Stipulation.

Date:  1/29/18

_____
**ERIC L. FRANK**
**CHIEF U.S. BANKRUPTCY JUDGE**